```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| LYNNE CELLI, STEVEN MILLER,<br>MICHAEL H. O'CONNOR,<br>LEILA PANZER, and<br>THEODORE STIRGWALT, in their<br>capacity as trustees of THE GLOVER<br>LANDING CONDOMINIUM TRUST,<br><br>              Plaintiffs,<br><br>              v.<br><br>GREENWICH INSURANCE COMPANY, and<br>NOVA CASUALTY COMPANY,<br><br>              Defendants. | CIVIL ACTION<br>NO. 20-10717-WGY |

YOUNG, D.J.                                              August 13, 2020

**MEMORANDUM OF DECISION**

On February 12, 2020 Lynne Celli, Steven Miller, Michael J. O'Connor, Leila Panzer and Theodore Stirgwalt, in their capacity as Trustees of the Glover Landing Condominium Trust (collectively, the "Trustees") initiated this civil action in the Business Litigation Session of the Massachusetts Superior Court sitting in and for the County Suffolk against Nova Casualty Company ("Nova"), and Greenwich Insurance Company ("Greenwich") (collectively, the "Defendants").  See Joint Not. Removal ("Not. Removal") 3, ECF No. 1.

Nova, joined by Greenwich, removed the case under diversity jurisdiction alleging that the Trustees are residents of Massachusetts, that Greenwich is a Delaware corporation with a principal place of business in Stamford, Connecticut, and that Nova is a New York corporation with principal place of business in New York City, New York.  Def. Nova Opp'n Pls.' Mot. Remand. ("Nova Opp'n"), ECF No. 22.  Nova also filed its answer to the complaint, and included counterclaims against the Trustees.  Nova Answer Countercl., ECF No. 10.  Subsequently, the Trustees filed a motion to dismiss Nova's counterclaims, to remand the case to the State court, and to request attorney's fees.  Pls.' Mem. Supp. Mot. Dismiss Nova's Countercl. Remand State Court ("Mot. Remand"), ECF No. 16.

On June 25, 2020 this Court denied the Trustees' request for attorney's fees, remanded the case to State court, and dismissed the counterclaims without prejudice for lack of subject matter jurisdiction.  See ECF Nos. 28, 29.  This Court now explains the basis of its decision.

**A.   Standard of Review**

Diversity jurisdiction exists "only when there is complete diversity, that is, when no plaintiff is a citizen of the same state as any defendant." Gabriel v. Preble, 396 F.3d 10, 13 (1st Cir. 2005) (internal quotation marks omitted); 28 U.S.C. § 1332.  A corporation's citizenship, for diversity jurisdiction

purposes, is both the state where it is incorporated and the state "where it has its principal place of business." 28 U.S.C. § 1332 (c)(1). "Once jurisdictional allegations are challenged, the party asserting diversity has the burden of establishing those allegations with competent proof." Media Duplication Servs., Ltd. v. HDG Software, Inc., 928 F.2d 1228, 1235-1236 (1st Cir. 1991).

### B. Corporation's Principal Place of Business

The Supreme Court in Hertz Corp. v. Friend instructed courts to use the "nerve center" test to identify a corporation's principal place of business. 559 U.S. 77, 80-81, 93 (2010). Under this test, a corporation's principal place of business is "the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." Id. at 80. The First Circuit has explained that "[a]t its heart, the nerve center test is an inquiry to find the one location from which a corporation is ultimately controlled. Put slightly differently, the federal court is to look for the place where the buck stops. And where it does, well, that's the corporation's nerve center and principal place of business." Harrison v. Granite Bay Care, Inc., 811 F.3d 36, 41 (1st Cir. 2016).

### 1. Officers Outside the Corporate Structure

The Trustees argue that Nova's principal place of business is Worcester, Massachusetts because the majority of its corporate officers are based there.  Pl.'s Mem. 1-2.  Nova argues that the nerve center test also includes the "activities of key executives outside a party's corporate structure."  Nova Opp'n 9.  Nova contends that Frank Baron ("Baron") -- Hanover's Specialty Property & Casualty President, who is based in New York -- is the key executive outside of Nova's corporate entity, and that Nova's principal corporate officers -- including John Roche ("Roche") as President, Tripp as Treasurer, and Cronin as Secretary -- despite their "official titles and powers," do not direct, control, or coordinate its business activities.  Id. at 13.

Nova heavily relies on Moore -- a decision from the Eastern District of Pennsylvania -- for the proposition that Hertz did not "set forth a hard-and-fast rule mandating that 'nerve center' control must emanate from a company's own officers."  Id. at 10 (citing Moore v. Johnson & Johnson, 907 F. Supp. 2d 646, 657 (E.D. Pa. 2012)).  The Moore court ruled that limiting the "nerve center" to activities of corporate officers listed on papers would be "unduly restrictive," and instead, it considered permissible to analyze the activities of individuals who actually control and direct the corporation, even if employed by

a separate corporate entity. 907 F. Supp. 2d at 659 ("[T]he principal place of business inquiry may peer beyond a party's corporate form and look to the activities of individuals who actually control and direct the corporation from distinct, but related, corporate entities.").

Nova also relies on the First Circuit's decision in Harrison for the proposition that a corporation's principal place of business is the location where individuals ultimate exercise control over the company by setting the policy and goals, and giving instructions as to how to make their vision a reality. See Nova Opp'n 17 (citing Harrison, 811 F.3d at 41-42). This interpretation is accurate. What Nova is missing, however, is that such examination is done in "the particular location from which its 'officers direct, control, and coordinate the corporation's activities.'" Id. (emphasis added). The term "its officers" refer to the corporation's own officers. See Id. at 40. The subject in the phrase is the corporation and "its" officers is being used in the possessive form, referring to the officers of that corporation. Therefore, non-officers are not to be considered in the nerve center analysis.

The Supreme Court in Hertz was clear in directing that "Courts do not have to try to weigh corporate functions, assets, or revenues different in kind, one from the other," but instead,

courts must look "toward the center of overall direction, control, and coordination," which is the place from where "the corporation's high level officers" made decisions. Hertz, 559 U.S. at 80, 96. The Supreme Court, therefore, favored corporate structure over a general "business activities" approach (offices and plant locations, sales or servicing centers, transactions, payroll, or revenue generation), which means this Court should look first to the corporate structure.[1]  Id.

Nova presented evidence -- in the form of affidavits -- indicating that Baron has the "ultimate responsibility" for Nova, and he does so from New York City. Aff. Baron ¶ 18, ECF No. 23. Baron states that Nova's corporate officers -- most of whom are in Massachusetts -- do not coordinate its busines activities, id. ¶ 35, nor does Roche as President of Nova, id. ¶

---

[1] The record indicates the following parent-subsidiary corporate structure:
Nova was acquired by the Hanover Insurance Group, Inc. ("Hanover Group") in 2008. Nova Opp'n. 3. An affiliate of the Hanover Group -- the Hanover Insurance Company ("Hanover Company") -- thereafter entered into an agreement with Nova, where the Hanover Company would provide administrative and management services to Nova's business operations. Id. at 4. The Hanover Group, for which Roche is CEO/President, has several insurance businesses, one of which is the Hanover Specialty category (whose President is Brian Salvatore ("Salvatore")). Id. at 4, 7. Within Hanover Specialty, there are business units including the Hanover Specialty Property & Casualty (Baron as President). Id. at 4. The Hanover Programs are another set of businesses within the Hanover Specialty Property & Casualty unit. Id. at 5. Within the Hanover Programs, in turn, there are several other groups, including Nova (Roche as President). Id.

36. Baron's affidavit indicating that he controls the direction of Nova is insufficient for the nerve center test, because he is an employee of the Hanover Company, not Nova, and therefore, not part of the Nova corporation.  See id. ¶ 6,

### 2. Nova as a Subsidiary Corporation of the Hanover Group

This Court's analysis must focus on the corporate structure, either Hanover Group (parent) or Nova (subsidiary). A subsidiary corporation can be recognized as a separate entity from its parent corporation as long as such separation "is real and carefully maintained."  Topp v. CompAir, Inc., 814 F.2d 830, 836 (1st Cir. 1987) (internal citations omitted).[2]  It would be inappropriate to look to the parent corporation when the corporate operation of the subsidiary is maintained as a separate corporate identity.  O'Grady v. Safety-Kleen Sys., Civ. A. No. 1:19-11814, 2020 U.S. Dist. LEXIS 54859, at *29-30 (D. Mass. Mar. 30, 2020) (Burroughs, J.).  "[T]he nerve center test does not grant free license to ignore the separate corporate

---

[2] Although the Topp decision preceded the Hertz decision, the Topp analysis continues to be applied in this Circuit.  See Hernandez v. Amgen Mfg., 979 F. Supp. 2d 239, 243-244 (D.P.R. 2013); O'Grady, 2020 U.S. Dist. LEXIS 54859, at *29-30; Briarwood Thirteen, LLC v. Travelers Prop. Cas. Co. of Am., Civ. A. No. 3:14-30074, 2019 U.S. Dist. LEXIS 228577, at *3-4 (D. Mass. Jan. 31, 2019) (Ponsor, J.).  This Court follows this line of analysis as consistent with the holding of Hertz.

identity of the corporation whose citizenship is being sought." Topp, 814 F.2d at 835.

In determining whether a parent and subsidiary corporation have maintained their separate corporate identities, courts looks to whether they (i) "are separately incorporated," (ii) "have separate boards of directors," (iii) "keep separate accounting and tax records," (iv) "have separate facilities and personnel," and (v) "have separate bank accounts." O'Grady, 2020 U.S. Dist. LEXIS 54859, at *30 (quoting Russell v. Enterprise Rent-A-Car Co. of Rhode Island, 160 F. Supp. 2d 239, 252 (D.R.I. 2001)).

Nova asserts that the Hanover Corporation, the Hanover Group and Nova are separately incorporated, that they all have separate boards of directors, and that they all keep separate accounting and tax records.  Nova's Opp. 18.  Considering Nova as a corporation independent from its parent Hanover Group, the parties do not dispute that Nova's Chief Executive Officer and President, Chief Financial Officer, Chief Investment Officer, General Counsel, Chief Human Resources Officer, Senior Vice President and Corporate Controller, Chief Technology Officer, Chief Innovation Officer, Chief Claims Officer, and Corporate Secretary are all based in Worcester, Massachusetts.  Berman Aff. ¶ 7, ECF No. 15; id., Exs. A, C, ECF Nos. 15-1,3; Aff. Baron ¶ 33.

Nova's bylaws gave its suite of corporate officers the power to manage the business, and Nova has not provided evidence indicating that the responsibilities assigned by the bylaws to its corporate officers have been revoked or re-assigned. See Aff. Baron, Ex. B, Nova's Amended and Restated Bylaws, ECF No. 23-2.  Article III of the Bylaws indicates: "The business of the corporation shall be managed by the board of directors . . ."; Article IV indicates that "The President shall be the chief operating officer of the corporation, shall have general and active management of the business of the corporation . . . "). Furthermore, Nova's 2019 annual report states that Nova's main administrative office, mailing address, and the location of its books and records is Worcester, Massachusetts, which is, as well, the location of all of its board meetings. Aff. Baron ¶¶ 2, 5.[3]  There is no evidence that Nova is not a separate corporation from its parent, and it is clear from the evidence

---

[3] Nova has presented inconsistent information regarding which city is its principal place of business, and the actual tasks of Baron and Salvatore, which this Court views as an attempt at jurisdictional manipulation. See Not. Removal ¶ 7; Id., Ex. E, Answer Nova Third Am. Compl. ¶ 4, ECF No. 1-9; Compare Not. Removal with Nova's Opp'n; See also Aff. Berman, Ex. A, Email from Robert Whitney to Kenneth Berman (May 1, 2020) 5, ECF No. 15-1; Nova Opp'n 7. Courts must take as the nerve center the place of actual direction, control, and coordination, in the absence of jurisdictional manipulation. Hertz, 559 U.S. at 79.

provided that Nova's principal place of business is Massachusetts, not New York.

## II. CONCLUSION

Nova's principal place of business is Worcester, Massachusetts.  As complete diversity is lacking, this Court was required to remand for lack of subject matter jurisdiction.

**SO ORDERED.**

/s/ William G. Young
_____
WILLIAM G. YOUNG
DISTRICT JUDGE

[10]